UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES TRICE,

    Petitioner,

v.                                               Case No. 8:11-cv-1453-T-23AEP

SECRETARY, Department of Corrections,

    Respondent.
    _____/

## **O R D E R**

    Trice, represented by counsel, petitions for the writ of habeas corpus under 28 U.S.C. § 2254 and challenges his conviction for first degree murder, for which he serves life imprisonment. The respondent moves (Doc. 6) to dismiss the petition as time-barred. In opposing (Doc. 7) dismissal, Trice admits the petition's untimeliness and argues entitlement to equitable tolling under *Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549 (2010). Trice shows that his post-conviction counsel's misconduct meets *Holland*'s requirement for equitable tolling.

    "[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland,* 130 S. Ct. at 2554. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The petitioner must meet

both requirements, and he controls the first requirement—due diligence—but not the second—extraordinary circumstances.  Failure to meet both requirements, especially the one he controls, precludes equitable tolling.  "Under long-established principles, petitioner's lack of diligence precludes equity's operation."  544 U.S. at 419.  But "[t]he diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'"  *Holland*, 130 S. Ct. at 2566 (internal quotations and citations omitted).

The following sequence is based on present counsel's acquisition of Trice's records from the first attorney Trice hired for the post-conviction proceedings.  The records show that Trice attempted to retain Michael Giordano, Esq., six months before the June 24, 2000, filing deadline.  Trice alerted Giordano about the federal filing deadline.  Giordano's letters and notes show that counsel knew when the federal limitation would expire.  After accepting $25,000, Giordano met with Trice, whom he assured that he would timely file the federal petition.  A few days after the deadline, Giordano sent Trice a letter explaining that he would simultaneously commence state and federal proceedings and that the federal court would dismiss the petition so that Trice could first exhaust his state remedies.  Five months passed without the filing of a post-conviction petition.  After receiving another $5000, Giordano again visited Trice.  Ultimately Giordano filed a state post-conviction petition in June, 2001, which was dismissed as time-barred under Florida's two-year limitation.  After the dismissal was reversed on appeal and after Trice's payment of

another $5000, Giordano surrendered his license to practice law because he faced disbarment based on eleven other cases in which he accepted a fee but failed to competently represent his client. The Florida Bar advised Trice to find another lawyer and retrieve his files.[1]

*Holland*, 130 S. Ct. at 2563, requires equitable flexibility:

> We have said that courts of equity "must be governed by rules and precedents no less than the courts of law." *Lonchar v. Thomas,* 517 U.S. 314, 323, 116 S. Ct. 1293, 134 L. Ed. 2d 440 (1996) (internal quotation marks omitted). But we have also made clear that often the "exercise of a court's equity powers . . . must be made on a case-by-case basis." *Baggett v. Bullitt,* 377 U.S. 360, 375, 84 S. Ct. 1316, 12 L. Ed. 2d 377 (1964). In emphasizing the need for "flexibility," for avoiding "mechanical rules," *Holmberg v. Armbrecht,* 327 U.S. 392, 396, 66 S. Ct. 582, 90 L. Ed. 743 (1946), we have followed a tradition in which courts of equity have sought to "relieve hardships which, from time to time, arise from a hard and fast adherence" to more absolute legal rules, which, if strictly applied, threaten the "evils of archaic rigidity." *Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 322 U.S. 238, 248, 64 S. Ct. 997, 88 L. Ed. 1250 (1944). The "flexibility" inherent in "equitable procedure" enables courts "to meet new situations [that] demand equitable intervention, and to accord all the relief necessary to correct . . . particular injustices." *Ibid.* (permitting post-deadline filing of bill of review). Taken together, these cases recognize that courts of equity can and do draw upon decisions made in other similar cases for guidance. Such courts exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case.

In one respect Trice's facts are more egregious than *Holland* because Holland's attorney was "unaware of the date on which the limitations period expired . . . ." 130 S. Ct. at 2564. Trice shows that he alerted Giordano to the federal deadline, a date Giordano acknowledged as correct, but Giordano filed no petition, neither a state

---

[1] Trice's second post-conviction counsel obtained the files from Giordano's building manager and completed the state proceedings. Trice's present counsel is his third post-conviction attorney.

motion for post-conviction relief to toll the federal limitation nor a federal petition for the writ of habeas corpus.  As in *Holland*, Giordano "failed to file [his client]'s federal petition on time despite [his client]'s many letters that repeatedly emphasized the importance of his doing so" and "the failures seriously prejudiced a client who thereby lost what was likely his single opportunity for federal habeas review of the lawfulness of his imprisonment and of his . . . sentence.[2]  130 S. Ct. at 2564 and 2565, respectively.  Giordano's relinquishing his license to practice law because he committed similar ethical violations in other cases supports the determination that Giordano's failures are not attributable to Trice.  Under both these facts and equity's flexibility requirement, Trice shows the "reasonable diligence" and "extraordinary circumstance," that *Holland* requires. 130 S. Ct. at 2566.

Accordingly, the respondent's motion to dismiss (Doc. 6) is **DENIED**.  Trice's petition for the writ of habeas corpus (Doc. 1) is timely based on the principles of equitable tolling.  The respondent has forty-five (45) days to respond to the petition.  Trice has thirty (30) days to reply.

ORDERED in Tampa, Florida, on March 23, 2012.

*Steven D. Merryday*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[2] Unlike Holland, who challenged a death sentence, Trice challenges a life sentence.

- 4 -